# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>JORGE MERCADO-CAÑIZARES,<br><br>**Defendant.** | **Civil No.** 12-081 (FAB) |

**OPINION AND ORDER**

BESOSA, District Judge.

Before the Court is a Report & Recommendation ("R&R") issued by United States Magistrate Judge Silvia Carreño-Coll. (Docket No. 53.) The magistrate judge recommends that defendant Jorge Mercado-Cañizares' ("Mercado") motion to suppress be denied. Id. at p. 9. After an independent review of the record and defendant Mercado's objections to the R&R, (Docket No. 66), the Court **ADOPTS** the R&R and **DENIES** the defendant's motion to suppress.

## I. Background

On January 31, 2012, defendant Mercado was charged with possession of a firearm by a convicted felon. (Docket No. 7.) The firearm was recovered during a warrantless search of Mercado's vehicle by the Puerto Rico Police Department ("PRPD") during an investigation of a robbery of a Puma gas station in Ponce, Puerto Rico that occurred on January 29, 2012. (Docket Nos. 53 at p. 1,

20 at pp. 1-2.)  On March 14, 2012, defendant Mercado filed a motion to suppress the weapon, and argued that the search and seizure conducted by the PRPD violated his Fourth Amendment rights. (Docket No. 20 at pp. 1-2.)  On March 15, 2012, the Court referred the motion to suppress to Magistrate Judge Carreño-Coll for an R&R. (Docket No. 21.)  The magistrate judge held a suppression hearing in two sessions, on April 16 and May 8, 2012.  (Docket No. 53 at p. 1.)  The hearing focused on whether PRPD Agent Wilmer Estrada-Batista ("Agent Estrada") lied when he said he found the weapon in plain view when he looked into the vehicle.  (See Docket Nos. 42 and 61.)  During the hearing, defendant Mercado questioned Agent Estrada about his PRPD administrative record; at the time of questioning, defendant Mercado had only received a summary of the administrative record.  (See Docket No. 53 at p.4, n. 4.)  Since the hearing, the full administrative record has been provided to defendant Mercado and he has moved for leave to file a supplementary motion attaching relevant documents from this administrative record.  (Docket No. 50.)  In her R&R, the magistrate judge denied this motion to file supplementary documents because she decided "the suppression motion on grounds that make irrelevant Agent Estrada's truthfulness regarding where he found the weapon."  (Docket No. 53 at p. 4, FN 4.)  Specifically, the magistrate judge decided that it was unnecessary to determine

whether the firearm was in plain view because another exception - the automobile exception - to the Fourth Amendment requirement for a warrant to conduct a search and seizure applies.  Id. at p. 5.  Therefore, the magistrate judge recommended that defendant Mercado's motion to suppress be denied.  Id. at p. 9.

On June 15, 2012, defendant Mercado filed his objections to the magistrate judge's R&R.  (See Docket No. 66).  In short, defendant Mercado argues (1) that the magistrate judge erred because there was insufficient probable cause to search the vehicle under the automobile exception; and (2) that the magistrate judge erred by refusing to address the credibility of Agent Estrada about seeing the firearm in plain view.  Id.

On June 18, 2012, defendant Mercado submitted a video and photographs via a "Sealed Motion Submitting Evidence."  (Docket No. 68.)  On June 19, 2012, the Court ordered defendant to "inform the Court, no later than June 22, 2012, whether the video was part of the evidence submitted to the magistrate judge during the suppression hearing."  (Docket No. 69.)  The Court also ordered defendant Mercado to explain why the video was not submitted previously and if it was submitted, why it should remain sealed.  Id.

On June 22, 2012, defendant Mercado submitted a motion in compliance, (Docket No. 70), with the Court's order, (Docket

No. 69). Defendant Mercado argues that the video, (Docket No. 68), was not submitted as evidence during the suppression hearing because the hearing was "based on the government's version of facts that a firearm was inside a vehicle at plain view of the police officers," (Docket No. 70 at p. 1). The government, defendant contends, "had the burden of production and persuasion" and did not submit the video into evidence during the hearing. Id. at pp. 1-2. Furthermore, defendant Mercado argues that "the government did not present evidence supporting the proposition that the searched vehicle had been used in the Puma gas station robbery," which occurred two days prior to the search. Id. at p. 2. After the magistrate judge issued the R&R, the defendant objected to the magistrate judge's finding that the car searched was a similar color, make, and model to one that was allegedly used in the Puma gas station robbery. Id. Defendant Mercado argues that the video further supports this objection. Id. The Court will address each of defendant Mercado's objections in turn.

**II. Legal Standard under 28 U.S.C. § 636(b)(1)**

A district court may refer a pending dispositive motion to a magistrate judge for a report and recommendation. See 28 U.S.C. § 636(b)(1)(B) (2012); Fed.R.Civ.P. 72(b); Loc. Rule 72(b). Any party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the

magistrate judge's report.  See 28 U.S.C. § 636(b)(1) (2012); Loc. Rule 72(d).  A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." Sylva v. Culebra Dive Shop, 389 F.Supp.2d 189, 191-92 (D.P.R. 2005) (citing United States v. Raddatz, 447 U.S. 667, 673 (1980)).  Failure to comply with this rule precludes further review.  See Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992).  Furthermore, the objecting party must put forth more than "[c]onclusory objections that do not direct the reviewing court to the issues in controversy." Velez-Padro v. Thermo King de Puerto Rico, Inc., 465 F.3d 31, 32 (1st Cir. 2006).  Even though timely objections to a report and recommendation entitle the objecting party to *de novo* review of the findings, "the district court should be spared the chore of traversing ground already plowed by the Magistrate." Gonzalez-Ramos v. Empresas Berrios, Inc., 360 F.Supp.2d 373, 376 (D.P.R. 2005) (citing Sackall v. Heckler, 104 F.R.D. 401 (D.R.I. 1984)).  The party's objections must be grounded "in fact . . . and warranted by existing law or a good faith argument for the extension" rather than a reiteration of arguments already considered and rejected by the Magistrate Judge. Id.

In conducting its review, the court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (a)(b)(1) (2012); Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985); Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc., 286 F.Supp.2d 144, 146 (D.P.R. 2003). The Court may also accept those parts of the report and recommendation to which the parties do not object. See Hernandez-Mejias v. Gen. Elec., 428 F.Supp.2d 4, 6 (D.P.R. 2005) (citing Lacedra v. Donald W. Wyatt Detention Facility, 334 F.Supp.2d 114, 125-126 (D.R.I. 2004)).

**III. Discussion**

   **A.   The Fourth Amendment's Prohibition of "Unreasonable Searches and Seizures"**

The Fourth Amendment of the United States Constitution prohibits "unreasonable searches and seizures." U.S. CONST. Amend. IV.[1] This prohibition makes warrantless searches presumptively unreasonable. See Groh v. Ramirez, 540 U.S. 551, 559 (2004)

---

[1] The Fourth Amendment provides the following:

> "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

(internal citation omitted). There are, however, exceptions to the warrant requirement to conduct a search and seizure. See Katz v. United States, 389 U.S. 347, 357 (1967). "One of these exceptions is for items in plain view.[2] See, e.g., United States v. Sanchez, 612 F.3d 1, 4-5 (1st Cir. 2010) (internal citations omitted). Another exception is known as the "automobile exception," which provides that a search of an automobile without a warrant is justified as long as the search was supported by probable cause that the vehicle contained evidence of illegal activity. Arizon v. Gant, 556 U.S. 332, 347 (2009) (internal citation omitted) (discussing how one of the "established exceptions to the warrant requirement" allows a "search of any area of the vehicle" for evidence of criminal activity if "there is probable cause to believe a vehicle contains [such evidence]"); see also United States v. Ross, 456 U.S. 798, 809 (1982) ("In [the] class of cases [involving the automobile exception], a search is not unreasonable if based on objective facts that would justify the issuance of a warrant, even though a warrant has not actually been obtained.") Furthermore, the First Circuit Court of Appeals has emphasized that

---

[2] As indicated above, the two-part hearing that took place on April 16 and May 18, 2012 focused on whether Agent Estrada lied when he said he found the weapon in plain view when he looked into the vehicle. The magistrate judge, however, found that the automobile exception to the warrant requirement under the Fourth Amendment applies.

probable cause only requires a "'*fair probability* that contraband or evidence of a crime [would] be found in a particular place.'" United States v. Woodbury, 511 F.3d 93, 97-98 (1st Cir. 2007) (citing Illinois v. Gates, 462 U.S. 213, 238 (1983)) (emphasis added).  This standard of fair probability does not require certainty; rather it requires that an officer "demonstrate that he reasonably believed [that] evidence of a crime would be found" in a particular location.  Id. at 98.

**B.  Defendant's Objections**

Defendant Mercado makes two objections to the magistrate judge's findings in the R&R: (1) that there was insufficient probable cause to search the vehicle under the automobile exception; and (2) that the magistrate judge erred by refusing to address the credibility of Agent Estrada about seeing the firearm in plain view.  The Court finds, however, that there was sufficient probable cause to search the vehicle under the automobile exception.  Therefore, because the vehicle was searched pursuant to a valid exception to the warrant requirement, the Court need not address the arguments regarding the credibility of Agent Estrada in regards to the plain view exception to the warrant requirement.

In his objections to the magistrate judge's R&R, (Docket No. 66), defendant Mercado argues mainly that there is no evidence that a vehicle with a similar color, make, and model was used in

the January 29, 2012 Puma gas station robbery.  Id. at pp. 13-14.
To support this contention, defendant Mercado uses the video of the
robbery as support and argues that the video "does not show any
vehicle."  Id. at p. 13.  Furthermore, he argues that "the only
witness to the robbery did not provide information regarding the
vehicle, if any, used by the assailant."[3]  Id.  Even if his
contention is correct, defendant Mercado ignores other facts on
which the magistrate judge based her finding of probable cause.
Specifically, defendant Mercado ignores the fact that the searched
vehicle, a gold Daewoo Lanos, matched the description of a vehicle
used in *several* Ponce-area gas stations over the past two years.
(Docket Nos. 53 at p. 2.)  Indeed, the magistrate judge explained
in her R&R that after reviewing a video of the January 29, 2012
robbery, the Puerto Rico police officers "determined that the same
person also robbed several other Ponce-area gas stations over the

---

[3] Defendant Mercado attached to his objections a two-page document entitled "Estado Libre Asociado de Puerto Rico, Policia de Puerto Rico, Informe de Incidente," (see Docket No. 66-1), which allegedly supports his contention that the only witness to the robbery gave no information about any vehicle.  The document, however, was entirely in Spanish and fails to comply with Local Rule 5(g) ("All documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English prepared by an interpreter certified by the Administrative Office of the United States Courts.  Certification by a federally-certified interpreter may be waived upon stipulation by all parties.")  Furthermore, some of the writing on the document was illegible. (Docket No. 66-1 at p. 2.)

previous two years."[4]  Id.  This led them to go to defendant Mercado's home, where they found a vehicle parked on the street "matching the description of the car used in the gas station robberies."  Id.  Therefore, the magistrate judge found that "probable cause existed for the [police officers'] belief that the vehicle parked outside of Mercado's residence was the same vehicle used in the robberies."  Id. at p. 7, n. 5 (citing United States v. Lawson, 410 F.3d 735, 740-41 (D.C. Cir. 2005) (permitting a warrantless search of a vehicle upon a finding of probable cause that it might contain evidence of a bank robbery and that the vehicle was similar to the car used in at least one of the bank robberies that the defendant was arrested for)).

In order to establish probable cause, a police officer need only find a fair probability that evidence of criminal activity exists in the vehicle.  Woodbury, 511 F.3d at 97-98; see also United States v. Feliz, 182 F.3d 82, 86 (1st Cir. 1999) (internal citation omitted) ("the facts presented to the magistrate need only 'warrant a man of reasonable caution' to believe that evidence of a crime will be found").  Given these particular facts, the Court finds that sufficient probable cause existed for the

---

[4] Indeed, at the April 16, 2012 hearing, Agent Estrada indicated several times that a gold Daewoo Lanos had been used in previous similar robberies.  (Docket No. 42 at pp. 14 and 22.)

police officers to believe that the gold Daewoo Lanos might have been used in the Puma gas station and other Ponce-area gas station robberies, and that the vehicle might contain evidence of criminal activity. Therefore, because probable cause existed to search the car under the automobile exception, the Court does not need to address the credibility of Agent Estrada about seeing the firearm in plain view.

For the reasons expressed above, the Court **ADOPTS** Magistrate Judge Carreño-Coll's R&R and **DENIES** defendant Mercado's motion to suppress.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 27, 2012.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE